UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Octavian E. Wilson f/k/a Octavian E. Woods,<br>           Plaintiff,<br>v.<br><br>GP Mobile 2, LLC and Mobile Venture Partners, LLC;<br>           Defendants. | CASE NO.: 2:17-cv-01609-DCN-JDA<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1.     This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.,* violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), and breach of contract.

2.     All conditions precedent to jurisdiction under 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. The Plaintiff filed a charge of employment discrimination on the basis of gender discrimination, pregnancy discrimination, and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC").

   b. Notice of the Right to Sue was issued by South Carolina Human Affairs Commission to Plaintiff on or about February 23, 2017.

   c. This Complaint has been filed within 120 days from the date of issuance of the South Carolina Human Affairs Commission's Notice of Right to Sue.

3.     The Plaintiff, Octavian E. Wilson f/k/a Octavian E. Woods, is a citizen and resident of the State of South Carolina, and resides in Dorchester County, South Carolina.

4.     All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.     The Defendant GP Mobile 2, LLC (hereinafter "GP") upon information and belief, is a foreign corporation organized in the State of Delaware with its principal place of business in South Carolina, doing business in the County of Berkeley, State of South Carolina.

6.     The Defendant Mobile Venture Partners, LLC (hereinafter "Mobile"), upon information and belief, is a foreign corporation organized in the State of Illinois with its principal place of business in South Carolina, doing business in the County of Berkeley, State of South Carolina.

1

7. The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendants are members of an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The Defendants employ fifteen (15) or more employees and are an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about September 2, 2014, the Plaintiff began working for Defendant Mobile Venture Partners, LLC. On or about July 30, 2015, Defendant Mobile Venture Partners, LLC merged into Defendant GP Mobile 2, LLC.

12. On or about July 30, 2015, Plaintiff signed an employment contract with Defendant GP. The contract indicated she would be paid for working. The Plaintiff performed her contract obligations and despite that fact she was terminated.

13. During all relevant times, the Plaintiff was efficient and effective in her work.

14. During her employment with Defendants Mobile and GP, the Plaintiff became pregnant and continued to satisfactorily perform her job.

15. On or about August 14, 2015, Plaintiff's water broke and she went into labor. Plaintiff immediately informed Defendants' Manager, Pablo Blanco, via text message and requested FMLA.

16. On or about August 17, 2015, Mr. Blanco texted Plaintiff and informed her that she needed to resign and turn in her keys.

17. After speaking with Defendants' Human Resources Representative, Jameca Bailey, Plaintiff attempted to contact Mr. Blanco to provide medical documentation as proof of her absence and repeatedly asked to return to work.

18. The Plaintiff was subjected to discrimination on or about September 23, 2015 when she was wrongfully terminated by the Defendants for her pregnancy and for being a female.

19. The Defendants therefore discriminated against the Plaintiff due to her pregnancy, and on the basis of her sex (female).

2

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

20. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was an employee in a position that she was qualified for and became pregnant and was subsequently discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

22. The Defendants were wanton and intentional in the discrimination of Plaintiff in the following particulars, to wit:

    a. In terminating Plaintiff and otherwise discriminating against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    b. In showing preferential treatment to non-female employees and detrimental treatment to Plaintiff; and

    c. In demonstrating a pattern of discriminatory treatment towards female employees by terminating those who were in a protected class while treating male employees more favorably.

23. That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, Plaintiff has suffered severe emotional distress.

24. The Defendants violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.) by allowing the discrimination to exist in the workplace.

25. The Plaintiff's sex (female) was the determining factor in the wrongful discharge of Plaintiff. But for the Plaintiff's sex (female), she would not have been terminated.

26. The Defendants' wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her sex/gender.

27. As a direct and proximate result of the acts and practices of the Defendants in the discrimination, disparate treatment and wrongful discharge of the Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Violation of the Pregnancy Discrimination Act

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. The Plaintiff is a member of a protected group on the basis of her pregnancy. The Plaintiff was an employee in a position that she was qualified for, became pregnant, was subsequently discriminated against and denied a job due to her pregnancy in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

30. The Defendants were wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her pregnancy;

   b. In showing preferential treatment to non-pregnant employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards pregnant employees by terminating those who were in a protected class while treating non-pregnant employees better.

31. That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendants, the Plaintiff has suffered severe emotional distress.

32. The Defendants violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

33. The Plaintiff's pregnancy was the determining factor in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's pregnancy, she would not have been terminated.

34. The Defendants' wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination against the Plaintiff due to her pregnancy.

35. As a direct and proximate result of the acts and practices of the Defendants in the discrimination, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to the Plaintiff's reputation, loss of income and other past and future losses.

### FOR A THIRD CAUSE OF ACTION
**Breach of Contract**

36. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

37. The Plaintiff signed a number of documents when she was hired and she entered into a contract of employment. The contract indicated she would be paid for working. The Plaintiff performed her contract obligations, and despite that fact she was terminated.

38. The Defendants breached the contract of employment between the Plaintiff and the Defendants.

39. That as a direct and proximate result, the Plaintiff has suffered a loss of income and benefits, she has been deprived of contractual rights conferred by the aforesaid contract, and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## FOR A FOURTH CAUSE OF ACTION
### Fraud in the Inducement

40. The Plaintiff re-alleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

41. The Defendants committed fraud in the inducement against the Plaintiff in the following particulars to wit:

   a. In using deceit and tricking the Plaintiff to act to their advantage by signing the Employment Acknowledgement, Code of Ethics, and Employee Handbook;

   b. In falsely misleading the Plaintiff as to the facts upon which the Plaintiffs based her decision to sign the Employment Acknowledgement, Code of Ethics, and Employee Handbook;

   c. In knowingly misleading the Plaintiff. The Defendants knew particular statements were false or those statements were recklessly asserted without any knowledge of their truth;

   d. In knowing that the Defendants' representations to the Plaintiff were false;

   e. In knowing that the Plaintiff relied on the misrepresentations that were made by the Defendants;

   f. In knowingly causing the Plaintiff to suffer from financial loss; and

   g. In such other ways as may become evident during discovery.

42. As a proximate result of the acts of the Defendants, the Plaintiff is entitled to actual damages, compensatory damages, attorney fees and the costs of this action.

## FOR A FIFTH CAUSE OF ACTION
### Violation of Family Medical Leave Act

43. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

44. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) and Defendants' discipline against Plaintiff and termination of her employment in anticipation of her requesting such leave is a violation of her rights under said statute.

45. The Defendants are a qualified "employer" subject to the said Family Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a Federal statute.

46. The Defendants' discipline against Plaintiff and termination of Plaintiff following her notification of her medical condition and in anticipation for medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

47. Defendants' actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

48. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A SIXTH CAUSE OF ACTION
### Violation of Fair Labor Standards Act

49. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

50. The Plaintiff was working for the Defendants and accrued earned vacation and sick time. The Defendants have failed and continue to fail to pay the earned vacation and sick time owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

51. The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

52. As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

53. As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled as determined by the trier of fact.

**REQUEST FOR RELIEF**

54. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

55. Due to the acts of the Defendants, the Plaintiff suffered great emotional and mental distress, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

56. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406

North Charleston, South Carolina        Telephone:    (843) 553-9800
June 19, 2017                           Facsimile:    (843) 553-1648